**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL STEPHENSON
ADC #90012 PLAINTIFF

V. NO: 5:09CV00333 HDY

LARRY McGEE *et al.* DEFENDANTS

# ORDER

Plaintiff, currently held at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on October 27, 2009, naming as Defendants Larry McGee, David Parker, and J.R. Shirey. McGee is the Lincoln County Sheriff, and Parker and Shirey are officials at the Lincoln County Jail. On June 7, 2010, Defendants filed a motion for partial summary judgment, and a brief in support (docket entries #22 & #23).[1] Plaintiff filed a response on July 12, 2010 (docket entry #26).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[1]Defendants' motion was filed as a motion to dismiss, but the Court notified the parties that it would treat it as a motion for summary judgment, due to the attachments which accompanied it (docket entry #24).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In his complaint, Plaintiff alleged that he was held at the jail for 64 days without being formally charged, and that the conditions of the cell were unconstitutional. Defendants argue that there is no basis for Plaintiff's conditions of confinement claim, but seek its dismissal due to Plaintiff's alleged failure to exhaust his administrative remedies regarding that issue before he filed his lawsuit.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Shirey, the jail administrator, provided an affidavit indicating that the Lincoln County Jail has a grievance procedure, but that Plaintiff failed to file any grievance regarding the conditions of his cell. In response, Plaintiff asserts that he did file a grievance with McGee, but received no

response. The record does not contain the jail's grievance policy, any indication of whether Plaintiff followed proper procedure in submitting the grievance, or how Plaintiff could proceed to exhaustion in the absence of a response. At this time, material facts remain in dispute with respect to whether the jail had an available grievance policy, and summary judgment is therefore inappropriate. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a))

**III. Conclusion**

IT IS THEREFORE ORDERED THAT Defendants' motion for summary judgment (docket entry #22) is DENIED.

DATED this __26__ day of July, 2010.

______________________________
UNITED STATES MAGISTRATE JUDGE